14-14055

No. 14-14055

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
CLERK
OCT 20 2014
ATLANTA, GA.

JANET HILL

Appellant,

v.

THE BANK OF NEW YORK MELLON,

Appellee.

On Appeal from the United States District Court for the Northern District of Georgia (Case No. 14-CV-01577-TWT)

BRIEF FOR APPELLANT JANET HILL

**JANET HILL v. THE BANK OF NEW YORK MELLON No. 14-CV-01577-TWT**

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (page 1 of 1)**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellant Janet Hill. Hereby states that the following **Individuals** and entities may have an interest in the Outcome of this case

1. Bank of America Corporation (ticker symbol: BAC) o
2. Bank of America, N.A.
3. America Wholesale Lenders
4. United States Department of Justice
5. Georgia Banking and Finance Department
6. United States Securities and Exchange Commission
7. Federal Trade Commission

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellant Janet Hill, N.A. represents that she has no publicly held corporation that holds 10% or more of it's the BANK OF NEW YORK MELLON stock.

/s/ Janet Hill
Pro Se, by Agent, Appellant

# STATEMENT REGARDING ORAL ARGUMENT

Appellants Janet Hill respectfully requests oral argument. Appellant submits that oral argument will assist the Court in focusing the issues (American Wholesale Lenders) and will facilitate the ultimate resolution of this matter.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ..... i

STATEMENT REGARDING ORAL ARGUMENT ..... iii

TABLE OF AUTHORITIES ..... vi

STATEMENT OF JURISDICTION ..... 1

STATEMENT OF THE ISSUE ..... 2

INTRODUCTION ..... 3

STATEMENT OF FACTS AND OF THE CASE ..... 4

- A. Fraudulently Misrepresented ..... 5
- B. The Fair debt collection practice Act, §809(b) ..... 6
- C. Civil Conspiracy ..... 12
- D. Fraud ..... 12

STANDARD OF REVIEW ..... 12

SUMMARY OF ARGUMENT ..... 13

ORAL ARGUMENT ..... 14

I. THE INNOCUOUS NAME AMERICA'S WHOLESALE LENDER ..... 15

II. COUNTRYWIDE FRAUD – LISTING THE LENDER ON APPELLANT MORTGAGE AS "AMERICA'S WHOLESALE LENDER A CORPORATION ORANIZED AND EXISTING UNDER THE LAWS OF NEW YORK

III. THE BANK OF NEW YORK MELLON LACKS STANDING ..... 16

IV. BANK OF AMERICA, THE BANK OF NEW YORK MELLON USE OF FAKE DOUMENTS, FALSE OFFICER TITLES, AND FORGED SIGNATURES VIOLATES THE FEDERAL LENDING LAWS, AND STATE MORTGAGE FRAUD AND NOTARY FRAUD LAWS ..... 17

V. UNITED STATES OF AMERICA SECURITIES AND EXCHANGE COMMISSION ATTESTATION TO THE TERMINATION OF REGISTRATION RECEIVED IN THIS COMMISSION ON JANIUARY 19, 2006, UNDER THE NAME OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, FILE NO. 333-125902-27

CONCLUSION AND PRAYER FOR RELIEF ..... 18

CERTIFICATE OF COMPLIANCE ........................................................................19

CERTIFICATE OF SERVICE.............................................................................20

## OTHER AUTHORITIES

United States v. Bank of America Corp., et al., No. 13-cv-446-MOC (W.D.N.C), against Bank of America seeking a civil monetary penalty pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. 1833A. ................................. 21

The Department of Justice $16.65 Billion Settlement with Bank of America Corporation........ 22

Bank of America Corporation State of Facts (Annex 1) (Settlement Agreement)..................23

## DEMAND FOR TRANSPARENCY

A decision rendered by the Appellate Court Judge(s) on this Appeal without specifically addressing the issues raised within this brief constitutes a denial of due process in that Appellant cannot know if her pleading was heard in its entirety. Addressing the issues raised by Appellant gives transparency which proves that her brief was properly viewed and adjudicated thus protecting Appellant's right of due process.

Appellant hereby demands from the United State Court of Appeals Eleventh Circuit a transparent decision demonstrating the issues raised in this appeal were addressed thus protecting Appellant's right of due process, the right to be heard.

## STATEMENT OF JURISDICTION

The district court had original jurisdiction of this chapter 7 case under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), the district court referred the case to the bankruptcy court. The bankruptcy court entered final judgment on January 9, 2014. Bank of America filed a timely notice of appeal to the district court on January 10, 2014. The district court exercised its appellate jurisdiction under 28 U.S.C. § 158(a)(1) and entered its final order and judgment on March 4, 2014. Bank of America filed a timely notice of appeal to this Court on March 7, 2014. This Court has jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291.

## STATEMENT OF THE ISSUE

Northern District Court adopted an order for dismissal of the appellant's case 06 August, 2014. This gave the Appellees the opportunity to silence the Appellants concerning mortgage fraud. Appellant did not file a Motion to reconsider. Appellant was not given an opportunity to show

that there were serious question an material facts in her case. The Appellant is constitutionally guaranteed the right to dispute those facts.

Appellant' Janet Hill, is the non-movant, therefore all justifiable inferences are to be awarded Appellants favor. Further, Appellants was not afforded any of the constitutional protections guaranteed and Anderson vs. Liberty Lobby, Inc., 477 U.S. 242, 255(1986).

## STATEMENT OF THE CASE

Upon being notified by the United States Department of Justice that she was a victim of predatory lending, discrimination, and fraud, Appellant Hill found out that her loan by America Wholesale Lender falsely stated that: "AMERICAS WHOLESALE LENDER is a "CORPORATION" that is "ORGANIZED AND EXISTING UNDER THE LAWS OF NEW YORK" when in fact that is simply not true, and has never been true. In the 3.5 million loans at issue, taking the notes and deeds of trust at face value, there is no way to ascertain who the true and actual lender was, instead, Appellant was lead to believe the lender was a CORPORATION, named AMERICAS WHOLESALE LENDER when this was completely false. Also, as a borrower through AMERICAS WHOLESALE LENDER/COUNTRYWIDE MORTGAGE COMPANY, it was found that she was steered towards predatory lending, fraud, and discriminatory practices.

Appellant has filed here action in the United States District Court of Georgia Atlanta Division on the 23rd of May, 2014, case number 1:14-cv-01577-TWT. Appellant Janet Hill received documents that were served upon her, concerning a foreclosure of her property. She sent a (QWE) "qualified written request" letter requesting for disclosure and a copy of all original documents. "Understand that under SECTION 6 of RESPA, you are required to acknowledge

my request within 20 business days and must try to resolve the issue within 60 business days. The Appellant sent another letter to the Appellee The Bank of New York Mellon and Bank of America, during the months of April, 2014. After being notified by the United States Department of Justice, that Bank of America was held liable for mortgage fraud. Appellee Bank of New York Mellon bought and Bank of America bought out all of Countrywide Mortgage Company (mortgage loans). It was during the month of June, 2010 the Department of Justice, discovered that Countrywide Mortgage Company was in violation of practicing predatory lending, fraud and discrimination. This was a strong blow to the nation. It is the Appellant's opinion that the Appellee never had any ownership of the property. It was discovered that Countrywide Mortgage Company, never had an assignment of the property from June 2012. That is why the Appellee could not comply with the request of the Appellant.

If the Appellant would have been allowed under Federal Rule 26, Duty to Disclose, general provisions governing disclosure. In thorough forensic audit, of all the Appellee's original documents, financial statements this would have shown a clear sign for relief.

A. **PREDATORY LENDING, FRAUD, DISCRIMINATION AND FALSE CLAIMS**.

ON December 28, 2011, the Court entered a consent order in United States v. Countrywide Financial Corporation, Countrywide Home Loans and Countrywide Bank, resolving the United States' claims of race, national origin and marital status discrimination in residential mortgage lending and providing $335 million in monetary relief for victims of discrimination. The claims in the United States' complaint, which was filed on December 21, 2011, are the largest pattern or practice lending discrimination violations of the Fair Housing Act and the Equal Credit Opportunity Act ever alleged by the Division.

ON August 21, 2014, the Court entered a consent order in United States vs. Bank of America Corporation. Attorney General Eric Holder and Associate Attorney General Tony West announced that the Department of Justice has reached a $16.65 Billion Settlement with Bank of America Corporation. The largest civil settlement with a single entity in American history, to resolve federal and state claims against Bank of America and its former and current subsidiaries, including Countrywide Financial Corporation and Merrill Lynch. The Justice Department and the bank settled several of the department's ongoing civil investigations related to the packaging, marketing, sale, arrangement, structuring and issuance of RMBS, collateralized debt obligations (CDOs), and the bank's practices concerning the underwriting and origination of mortgage loans. As part of this global resolution, the bank has agreed to pay a $5 billion penalty under the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) – the largest FIRREA liability as a result of mortgage modification, forbearance or forgiveness. Under the terms of this settlement, the bank has agreed to pay $7 billion in relief to struggling homeowners, borrowers and communities affected by the bank's conduct.

## ORAL ARGUMENT

In 2010, it was revealed that several large banks routinely used affidavits signed by employees who did not personally review the documents and had no basis for believing that the homeowner was in default or that the bank owned the loan. Employees for financial giants like Bank of America, The Bank of New York Mellon, JP Morgan Chase have all testified that they signed many thousands of affidavits a month, spending about 30 seconds on each affidavit, and that they didn't have a clue regarding the veracity of the affidavit or the documents in question –hence the name "robo-signers."

The Appellee make much ado about having complied with the non-judicial foreclosure process in Georgia, all the while completely ignoring the fact that their client did not then, and never has had any STANDING TO FORECLOSE by virtue of having no legally cognizable claim to the subject property.

In fact O.C.G.A. § 44-2-43 declares: "Any person who: (10 fraudulently obtains or attempts to obtain a decree of registration of title to any land or interest therein; (2) knowingly offers in evidence any forged or fraudulent document in the course of any proceedings with regard to registered lands or any interest therein; (3) makes or utters any forged instrument of transfer or instrument of mortgage or any other paper, writing, or document used in connection with any of the proceedings, required for the registration of lands or the notation of entries upon the register of titles; (4) steals or fraudulently conceals any owner's certificate, creditor's certificate, or other certificate of title provided for under this article;(5) fraudulently alters, changes; or mutilates any writing, instrument, document, record, registration, or register provided for under this article; (6) makes any false oath or affidavit with respect to any matter or thing provided for in this article; or (7) makes or knowingly use any counterfeit of any certificate provided for by this article shall be guilty of a felony and shall be imprisoned for not less than one year not more than ten years."

**AMERICAS WHOLESALE LENDER**:

Furthermore, the Assignment from Americas Wholesale Lender to MERS and then to Bank of America was dated May, 2012. Appellant was asked to make payments to Bayview without the knowledge that The Bank of New York Mellon did not have an assignment of the property in question until after a request (QWR) was sent to BANK OF AMERICA N.A. by appellant requesting for disclosure of the note holder and all signed original documents. Appellee

attempted to wrongfully foreclose of said property. Another explanation would be that many of their foreclosures are fraudulently induced.

Further, Appellee Bank of America, The Bank of New York Mellon and Bayview Loans, showed bad faith due to not providing the single necessary element requested to indicate such action as valid, a foreclosing and even then, the document is a fraud. Appellees' action violates Appellant Rights to make requests under the Fair Debt Collection Practices Act.

Appellee knowingly, willingly, wantonly, wrongful, fraudulently, illegally continue to pursue the "Sale under Power" in direct violation of the Fair Debt Collection Practices Act, § 809(b).

**THE FAIR DEBT COLLECTION PRACTICE ACT, 09(B):**

(b) "If the consumer notifies the debt collector in writing within 30 days period described in this subsection (a) that the deed and I id, or any portions thereof, is disputed, that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or in a dispute portion thereof, and to the debt collector obtaining verification of the debt or any copy of a judgment, or the name and address of the original creditor, any copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**WRONGFUL FORECLOSURE**

Where a creditor does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt, the debtor may pursue a cause of action for wrongful foreclosure under O.C.G.A. §23-2-114. DeGloyer v. Green Tree Servicing, LLC, 662 S.E.2d 141 (Ga. Ct. App. 2008). Where a foreclosing creditor fails to comply with the notice requirements of section O.C.G.A. §44-14-162.1, the residential debtor may pursue a claim for wrongful foreclosure. Roylston v. Bank of America, N.A., 290 Ga. App. 556, 660 S.E.2d 412, Ga. App. 2008.

**CIVIL CONSPIRACY**

**LANDMARK NAT'L BANK VS. KESLER ROSEN – KANSAS SUPREME COURT**

In National Bank v. Kesler, 2009 Kan. LEXIS 834, the Kansas Supreme Court held that a nominee company called MERS has no right or standing to bring an action for foreclosure. MERS is an acronym for Mortgage Electronic Registration Systems, a private company that registers mortgages electronically and tracks changes in ownership. The significance of the holding is that if MERS has no standing to foreclose, then nobody has standing to foreclose on millions of mortgages.

**CWALT, INC, ALTERNATIVE LOAN TRUST 2005-58, FILE NO. 333-125902-27**

The District Court erred in dismissing Appellant's claim that because Bank of America was never a beneficiary under the loan, it lacked authority to appoint The Bank of New York Mellon as successor trustee. The United States of America Securities and Exchange Commission Atestation that Form 15, Certification and notice of termination of registration, was received on January 19, 2006, under the name of CWALT, Inc, Alternative Loan Trust 2005-58, File No. 333-125902-27. The Bank of New York was prohibited from appointing a successor trustee with the right to initiate a non-judicial foreclosure.

**FRAUDULENTLY MISREPRESENTED**

Appellee The Bank of America N.A. and Assignee have thereby Fraudulently Misrepresented themselves as Creditors for undeserved gain. Appellee, America Wholesale Lender, and Bank of America N.A. misrepresented ownership of the subject property by Assignment of an unenforceable instrument. A recent court case, US Bank N.A vs Wyman, No. 466-6-09 Rd cv (Cohen, J., Oct. 20, 209), expressed:

"This view comports with the Black's Law definition of "nominee." MERS has authority to act in a very limited way" it holds bar legal title for the benefit of other. Black's Law Dictionary pp.

1076 (8th Ed.2004). There is no evidence that MERS's acts as an agent for the lender. Rather than define MERS as an "agent," the Mortgage Deed specifically defines MERS as the unique legal term "nominee," thereby designating MERS to act "in a very limited way. Without any further evidence as to MERS's authority as a "nominee," this Court finds that MERS did not have the authority to transfer the promissory note." In Landmark National Bank v. Kesler, 2009 Kan. LEXIS 834, the Kansas Supreme Court held that a nominee company called MERS has no right or standing to bring an action for foreclosure.

By reason of the foregoing and as a direct, proximate, and foreseeable result of Appellees' wrongful and fraudulent actions, Appellant's have suffered loss and damages, for which Appellant's seeks the amount of "Unknown".

**CONCLUSION**

The District Court blindsided Appellant and sided with Appellee when it ruled in favor of Appellee's motion to dismiss, and the court denied Appellant's right to be heard in opposition to Appellee's motion to dismiss, and the court prejudiced Appellant. For these reasons Appellant moves the court to reverse the Order and order Appellees' to answer the Complaint.

JANET HILL
Appellant