No. 14-14055 FF

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
CLERK
OCT 28 2014
ATLANTA, GA.

JANET HILL

Appellant,

v.

THE BANK OF NEW YORK MELLON,

Appellee.

On Appeal from the United States District Court for the Northern District of Georgia (Case No. 14-CV-01577-TWT)

**APPELLANTS' RESPONSE TO THIS COURT'S LETTER OF OCTOBER 16, 2014, CONCERNING JURISDICTION QUESTION**

**JANET HILL v. THE BANK OF NEW YORK MELLON No. 14-CV-01577-TWT**

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (page 1 of 1)**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellant Janet Hill. Hereby states that the following **Individuals** and entities may have an interest in the Outcome of this case

1. Bank of America Corporation (ticker symbol: BAC) o
2. Bank of America, N.A.
3. America Wholesale Lenders
4. United States Department of Justice
5. Georgia Banking and Finance Department
6. United States Securities and Exchange Commission
7. Federal Trade Commission

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellant Janet Hill, N.A. represents that she has no publicly held corporation that holds 10% or more of it's the BANK OF NEW YORK MELLON stock.

/s/ Janet Hill
Pro Se, by Agent, Appellant

# STATEMENT REGARDING ORAL ARGUMENT

Appellants Janet Hill respectfully requests oral argument. Appellant submits that oral argument will assist the Court in focusing the issues (American Wholesale Lenders) and will facilitate the ultimate resolution of this matter.

## STATEMENT OF JURISDICTION

Address whether the August 7, 2014 entered District Court Order, apparently granting some of the Defendants' motion to dismiss the plaintiff's Complaint, is a final, appealable order See 28 U.S.C. § 1291; Fed.R.Civ.P. 54(b); Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983) ("A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (Quotation and citation omitted): Huckeby v. Frozen Food Express, 555 F.2d 542, 545-47 (5th Cir. 1977) (stating that in the absence of a Rule 54(b) certification, an order resolving fewer than all of the claims of all of the parties may be appealed only if it is otherwise reviewable under an exception to the rule of finality)>

## INTRODUCTION

A. **The Actions of the Parties Below.**

On May 23, 2014, Plaintiff/Appellant Janet Hill ("Hill") filed in the District Court below a Complaint ("Compl.") for Quiet Title and Declaratory and Injunctive Relief with Jury Demand alleging Defendants misrepresentation and deliberate concealment of material facts concerning America's Wholesale Lender and Countrywide's mortgage underwriting practices, and double dipping. Plaintiff has stated that there is no DEFAULT and her alleged Mortgage by America's Wholesale Lender was paid in full by the PSA Insurance and there Bond.

B. **The Court Order Below.**

On August 7, 2014 the District Court entered an order, apparently granting some of the Defendants' motions to dismiss the Plaintiff's Complaint. In so ruling, the District Court expressly violated the Plaintiff's rights to be heard. The Court failed to consider all the

circumstances, in Plaintiff's Complaint. In 1957, The Supreme Court ruled that, under the Federal Rules of Civil Procedure. "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove n set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). On May 21 2007, the Supreme Court decided a new case "Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). In the process, the Court revolutionized pleading rules, introducing twin requirements of fact-based pleading and plausibility. Plaintiff has met the twin requirements in her Complaint.

Plaintiff executed a Mortgage with the Lender "America's Wholesale Lender. Plaintiff's loan was immediately sold and securitized after closing by America Wholesale Lender and placed into a Pooling and Servicing Agreement and converted into a stock of a Pass through Vehicle. The mortgage title was never officially transferred the Trust and as a result, the Note was put out of eligibility for the trust under New York Law.

There is no evidence that America's Wholesale Lender endorsed the Note to anyone or that the Mortgage was properly assigned to the now purported holder-in-due-course the Bank of New York-Mellon. Is such assignment did occur, Plaintiff/Appellant was never notified of I pursuant to Federal RESPA Law. Plaintiff/Appellant stated that Neither MERS nor Bank of New York-Mellon ever had any right to collect on the Note or enforce the Mortgage, nor have they ever had a right to hold, enforce or collect upon Plaintiff's Note.

Taking Plaintiffs notes and deeds of trust at face value, there is no way to ascertain who the true and actual lender was, instead, Plaintiff was lead to believe the lender was a CORPORATION, named AMERICAS WHOLESALE LENDER when this was

completely false. A fictitious business name has no authority to contract where its purpose is to defraud. As such, they have no interest in the loan at bar.

C. **The Appeal before This Court.**

On September 03, 2014, Plaintiff filed a Notice of Appeal from the District Court's August 07, 2014 Order, claiming a right to appeal the Order under 28 U.S.C. § 1291, the Order being a "final Decision" on a collateral issue." Plaintiffs' Civil Appeal Statement, p.1. On October 16, 2014, this Court requested this Response to the question whether this Court has jurisdiction of this appeal under 28 U.S.C. §1291.

## ARGUMENT

### I. THE DISTRICT COURT'S ORDER IS AN APPEALABLE FINAL DECISION.

Both this Court's October 16, 2014 Letter and Appellant's Brief presumptively rest upon Catlin v. United States, 324 U.S. 229, 233 (1945), which states the general rule that an appealable final decision under 28 U.S.C. §1291 is "one which ends the litigation on the merits and leaves nothing for the court to do, but execute judgment. However, it has long been established by the United States Supreme Court that "[a]ppeals are allowed from orders characterized as final under the ["collateral issue"] doctrine even though it may be clear that they do not terminate the action." 15A Wright's Federal Practice and Procedure §3911 at 329, (citing Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949)).

## CONCLUSION

For the reasons stated, this Court should allow Plaintiff's Appeal to move forward and entertain this appeal under 28 U.S.C. §1291.

Respectfully submitted,

Janet Hill, pro se